IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE )<br>    **ENI DIST, Inc.** )<br>)<br>)<br>         Debtor )<br>) | Case No. 25-17220<br>Chapter 11 |

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the Debtor for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtor to pay certain Critical Vendor Claims held by Critical Vendors, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and upon the First Day Declarations; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor' estates, their creditors, and other parties in interest; and this Court having found that the Debtor' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the

1

Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is Granted on an interim basis as set forth herein.

2. The Debtor is authorized but not directed, to honor, pay, or otherwise satisfy prepetition amounts on account of Critical Vendor Claims in an amount not to exceed $100,000; provided that the Debtor is authorized only to pay prepetition amounts due and owing to Critical Vendors and are not authorized to provide Critical Vendors with any prepayments on account of Critical Vendor Claims.

3. Beginning August 7, 2025 and through the conclusion of these cases, the Debtor shall provide a weekly report of all payments made to Critical Vendors on account of Critical Vendor Claims to the U.S. Trustee and any official committee of unsecured creditors appointed in these chapter 11 cases, if any.

4. The form of Trade Agreement, substantially in the form attached to the Motion as Exhibit C, is approved in its entirety, and the Debtor is authorized, but not directed, to negotiate, modify, or amend the Trade Agreement in their reasonable business judgment.

5. The Debtor is authorized, but not directed, to condition payment of Critical Vendor Claims upon the execution of a Trade Agreement, and the Debtor is authorized, but not directed, to enter into such Trade Agreements when and if the Debtor determines, in the exercise of their reasonable business judgment that it is appropriate to do so.

6. If any party accepts payment hereunder and does not continue supplying goods or services to the Debtor in accordance with Customary Trade Terms, then: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtor' discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtor in cash upon written request by the Debtor; (b) upon recovery by the Debtor, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtor to such party, the Debtor may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtor such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, recoupments, provisions for payment of any claims, or otherwise.

7. Any Critical Vendor that accepts payment from the Debtor on account of all or a portion of a Critical Vendor Claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtor, their assets, and properties.

8. Nothing herein shall impair or prejudice the Debtor's ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtor does not concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtor expressly reserves all rights to contest the extent, validity, or perfection or seek the avoidance of all such liens or the priority of such claims.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to

receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtor' instructions.

10. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any payment made pursuant to the Court's Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor' rights to subsequently dispute such claim.

11. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

12. Notwithstanding the relief granted in this Interim Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to any order authorizing use of cash collateral

13. Notwithstanding anything to the contrary in this Interim Order, any payment made or action taken by any of the Debtor pursuant to the authority granted in this Interim Order must be in compliance with, and shall be subject to: (i) any orders approving the Debtor' use of cash collateral ("cash collateral Order"), (ii) the documentation in respect of any use of cash collateral, and (iii) the budgets governing any such postpetition use of cash collateral.

14. To the extent there is any inconsistency between the terms of any of the cash collateral Order and this Interim Order, the terms of the cash collateral order shall control.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. The requirement under Local Bankruptcy Rule 9013-2 to file a memorandum of law in connection with the Motion is waived.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

cc:

| | | |
|---|---|---|
| American Express Card<br>PO Box 981556<br>El Paso, TX 79998 | Arba Credit Investors, L.P.<br>161 Washington Street<br>Suite 1525<br>Conshohocken, PA 19428 | Arba Credit Investors, L.P.<br>c/o David Musgrave, Esq<br>1001 Fleet St 7th Floor<br>Baltimore, MD 21202 |
| Austin Business Finance<br>Dba Backd<br>4853 Williams Dr. Ste 111<br>Georgetown, TX 78633 | Austin Business Finance<br>Dba Backd c/o Chris Mundt, Esq<br>PO Box 19134<br>Austin, TX 78760 | Bank of America<br>PO Box 15796<br>Wilmington, DE 19886-5796 |
| Bank of Hope<br>3200 Wilshire Blvd, Suite 1400<br>Los Angeles, CA 90010 | Capital One Bank<br>PO Box 70187<br>Charlotte, NC 28272 | Chase Card<br>PO Box 1423<br>Charlotte, NC 28201-1423 |
| Comptroller of Maryland<br>Bankruptcy Unit<br>7 St. Paul Street STE230<br>Baltimore, MD 21202 | CRIMPCO<br>2545 LORD BALTIMORE DR.<br>STE H<br>Windsor Mill, MD 21244 | DW Global, Inc.<br>18000 Studebaker Rd<br>Ste 555<br>Cerritos, CA 90703 |
| EMART AMERICA, INC.<br>975 W IMPERIAL HWY STE 110<br>Brea, CA 92821 | FIRELINE CORPORATION<br>4506 HOLLINS FERRY RD<br>Halethorpe, MD 21227 | GLOBAL FOOD #1-MNSS<br>10320 FESTIVAL LANE<br>Manassas, VA 20109 |
| GLOBAL FOOD #2 WB<br>13813 FOULGER SQUARE<br>Woodbridge, VA 22192 | GLOBAL FOOD #5 ALX<br>1476 NORTH BEAUREGARD ST<br>Alexandria, VA 22311 | GLOBAL FOOD #6 SS<br>13814 OUTLET DR<br>Silver Spring, MD 20904 |
| GLOBAL FOOD -Baltimore<br>6606 Security Blvd<br>Gwynn Oak, MD 21207 | GYEONG NAM TRADING INC.<br>74-1, Happoro, Masanhappogu<br>Changwonsi, Gyeongsangnamdo 51714<br>South Korea (International first-class) | Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Jin Heung Food Co., Ltd.<br>767-11, Namyangmanro, Ujeongeup<br>Hwaseong-si, Gyeonggi-do 18572<br>South Korea (International first-class) | KARIS INC<br>7125 Rosemead Blvd<br>Pico Rivera, CA 90660 |
| LEE KUM KEE (USA) INC<br>30-56 Whitestone Expy<br>Ste 350<br>Flushing, NY 11354 | LG H&H USA<br>PO Box 894495<br>City of Industry Rowland Height<br>Los Angeles, CA 90189-4495 | Lotte INT'L America Corp<br>1100 Coiner Ct<br>Rowland Heights, CA 91748 |
| LOTTE PLAZA-ASHBURN<br>43930 FARMWELL HUNT PLAZA<br>Ashburn, VA 20147 | LOTTE PLAZA-CATONSVILLE<br>6600 BALTIMORE NATIONAL PIKE<br>Catonsville, MD 212b28 | LOTTE PLAZA-CENTREVILLE<br>5900 CENTREVILLE CREST LN<br>Centreville, VA 20121 |
| LOTTE PLAZA-CHANTILLY<br>13955 METROTECH DR<br>Chantilly, VA 20151 | LOTTE PLAZA-EDISON<br>1199 AMBOY AVENUE<br>EDISON, NJ 08837 | LOTTE PLAZA-ELLICOTT CITY<br>8801 BALTIMORE NATIONAL PIKE<br>Ellicott City, MD 21043 |
| LOTTE PLAZA-GB<br>221 MUDDY BRANCH RD<br>Gaithersburg, MD 20878 | LOTTE PLAZA-HERNDON<br>490 ELDEN STREET<br>Herndon, VA 20170 | LOTTE PLAZA-ORLANDO<br>3191 W COLONIAL DR<br>Orlando, FL 32808 |
| LOTTE PLAZA-RICHMOND<br>7801 West Broad St.<br>Richmond, VA 23294 | LOTTE PLAZA-ROCKVILLE<br>1902 VEIRS MILL RD<br>Rockville, MD 20851 | LOTTE PLAZA-SPRINGFIELD<br>5204 PORT ROYAL RD<br>Springfield, VA 22151 |
| LOTTE PLAZA-STERLING<br>30 Pidgeon Hill Dr<br>Sterling, VA 20165 | LOTTE PLAZA-TAMPA<br>17605 Bruce B Downs Blvd.<br>Tampa, FL 33647 | Maryland Department of Labor<br>ATTN: Legal Services<br>100 S Charles St Tower 1<br>Baltimore, MD 21201 |
| Md Department of Human Service<br>25 South Charles Street<br>Baltimore, MD 21201-3330 | MD Dept. Assessments Taxation<br>301 W. Preston Street, Room 801<br>Baltimore, MD 21202 | MEGA MART-GA<br>2106 PLEASANT HILL RD<br>Duluth, GA 30096 |
| METRO CHEF<br>3925 VENTURE DR<br>Duluth, GA 30096 | Metro Chef<br>3925 Venture Dr.<br>Duluth, GA 30096 | ORACLE AMERICA INC<br>2300 Oracle Way<br>Austin, TX 78741 |
| Otoki America Inc.<br>16200 Trojan Way<br>La Mirada, CA 90638 | PENSKE<br>PO BOX 827380<br>Philadelphia, PA 19182 | Prime Landscape LLC.<br>3780 Old Norcross Rd<br>Suite 103-275<br>Duluth, GA 30096 |
| Samyang America, Inc.<br>140 S. STATE COLLEGE BLVD SUITE 100<br>Brea, CA 92821 | SUNGWON DISTRIBUTOR<br>8241 Sandy Ct<br>Jessup, MD 20794 | SUPER MAX ENTERPRISE<br>23550 PEBBLE RUN PL<br>Sterling, VA 20166 |
| TAEHYUN HOLDINGS LLC<br>7020 Columbia Gateway Dr.<br>Columbia, MD 21046 | UNITED EXCHANGE CORP<br>5836 CORPORATE AVE. S, STE 200<br>Cypress, CA 90630 | US Small Business Administration<br>100 S. Charles St., Suite 1201<br>Baltimore, MD 21201 |
| Waste Management of Maryland,<br>PO BOX 13648<br>Philadelphia, PA 19101-3648 | GYEONG NAM TRADING INC.<br>c/o KSURE Washington DC CORP<br>1331Pennsylvania Ave, NW, Suite 625<br>Washington DC 20004 | |

**End of Order**