**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In re | ) | |
| **ENI DIST, INC.,** | ) | Case No. 25-17220-MMH |
| | ) | Chapter 11 |
| Debtor. | ) | Hon. Michelle M. Harner |

**DEBTOR'S MOTION FOR APPROVAL OF CONSENT ORDER RESOLVING CRAMDOWN TREATMENT OF CLASS 3A SECURED CLAIM OF THE HUNTINGTON NATIONAL BANK PURSUANT TO 11 U.S.C. § 1129(b)(2)(A)**

ENI Dist, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), by and through its undersigned counsel, hereby moves this Court (the "Motion"), pursuant to section 1129(b)(2)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (i) approving the cramdown treatment of the Class 3A secured claim of The Huntington National Bank ("Huntington") under the Debtor's Plan of Reorganization (as amended, the "Plan"), as set forth in the Consent Order attached hereto as **Exhibit A** (the "Consent Order"), and (ii) granting such other relief as is just and proper. The Debtor and Huntington have stipulated to the value of the collateral and to all other material terms of treatment. Huntington, through its authorized representative, has consented to entry of the Consent Order and has agreed to vote its Class 3A allowed secured claim and its Class 5 unsecured deficiency claim to accept the Plan. The proposed deferred cash payments accrue interest at the rate prescribed by *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). In support of the Motion, the Debtor respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (K), (L), and (O), and the Debtor consents to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and procedural predicates for the relief requested herein are sections 506(a) and 1129(b)(2)(A) of the Bankruptcy Code, Bankruptcy Rules 9014 and 9019, and the Local Bankruptcy Rules of this Court.

## II. BACKGROUND

### A. The Chapter 11 Case

4. On August 6, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "Case"). The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in the Case.

5. The Debtor has filed the Plan and an accompanying Disclosure Statement. The Plan classifies the secured claim of Huntington described herein as a Class 3A Other Secured Claim (Vehicle Liens) and proposes to treat that claim through cramdown under section 1129(b)(2)(A) of the Bankruptcy Code.

## B. The Loan Documents and the Vehicle

6. Huntington is the holder of a claim against the Debtor secured by a 2023 Mack MD642 medium-duty truck equipped with a Morgan refrigerated body, Vehicle Identification Number 1M2MDBAA4PS008881, Morgan reefer body Serial Number 17526294 (the "Vehicle"), pursuant to (i) that certain Promissory Note dated September 12, 2023 in the original principal amount of $71,680.72 (the "Note"), and (ii) that certain Security Agreement of even date therewith granting Huntington a first-priority security interest in the Vehicle (the "Security Agreement" and, together with the Note, the "Loan Documents"), each executed by Seung Hoon Lee as President of the Debtor.

7. The Note provides for seventy-two (72) monthly installments of $1,252.95 at a contract rate of 7.89% per annum. Huntington's lien on the Vehicle is perfected by notation on Maryland Certificate of Title No. 58315264, issued October 16, 2023. The Debtor's account is identified in Huntington's records by the last four digits 5828.

## C. Huntington's Proof of Claim

8. On November 18, 2025, Huntington filed Proof of Claim No. 15 on the Court's claims register, asserting a fully secured claim in the amount of $55,090.07, consisting of $53,247.57 in principal, $1,597.43 in loan pre-payment fees, and $245.07 in accrued pre-petition interest, secured by the Vehicle, with a stated property value as of the Petition Date of $60,000.00 (the "Proof of Claim").

9. The Proof of Claim reflects values as of the Petition Date (August 6, 2025). Since that date, the outstanding loan balance has further amortized, and the Vehicle has continued to depreciate through ordinary use and the passage of time.

**D. The Parties' Communications and Agreed Resolution**

10. Beginning on May 18, 2026, counsel for the Debtor communicated with Bryan Punzel, Senior Financial Recovery Representative and authorized signer for Huntington, regarding the proposed cramdown treatment of Huntington's claim under the Plan. By email dated May 18, 2026, Mr. Punzel confirmed Huntington's agreement to the cramdown.

11. In subsequent communications in May 2026, Mr. Punzel further represented, on behalf of Huntington, that Huntington's most recent valuation of the Vehicle is $35,000.00, and that the then-outstanding balance on the Debtor's account ending 5828 was $45,463.51. The Debtor thereafter continued to make its regular monthly installments on the account, and by email dated August 24, 2026, Mr. Punzel confirmed, on behalf of Huntington, that the payoff balance on the account as of August 24, 2026 is $42,451.66. The Debtor does not contest, and accepts, Huntington's valuation of the Vehicle and its confirmed payoff figure, and the parties have agreed to fix Huntington's allowed claim at those figures for purposes of the Consent Order. Because the agreed value of the Vehicle is less than the outstanding balance of Huntington's claim, Huntington's claim is bifurcated into a secured component equal to the value of the Vehicle ($35,000.00) and an unsecured deficiency component ($7,451.66).

12. In lieu of contested cramdown proceedings, the Debtor and Huntington have agreed to resolve the treatment of Huntington's Class 3A claim on the terms set forth in the Consent Order attached hereto as **Exhibit A**. Huntington has further agreed, subject to entry of the Consent Order, to vote both its allowed secured claim and its allowed unsecured deficiency claim to accept the Plan.

## III. RELIEF REQUESTED

13. By this Motion, the Debtor respectfully requests that the Court enter an order, substantially in the form of the Consent Order attached as **Exhibit A**:

(a) fixing Huntington's allowed claim at $42,451.66, comprising a secured component of $35,000.00 equal to the parties' agreed value of the Vehicle as of the Effective Date (the "Vehicle Allowed Secured Amount") and an unsecured deficiency component of $7,451.66 (the "Vehicle Deficiency Claim");

(b) providing that the Vehicle Allowed Secured Amount shall be paid through deferred cash payments under the Plan in fixed monthly principal-and-interest installments of approximately $722.30, fully amortizing the Vehicle Allowed Secured Amount over sixty (60) months at the rate of 8.75% per annum as determined under *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004);

(c) classifying the Vehicle Deficiency Claim as a Class 5 General Unsecured Claim, to be treated equally with other Class 5 Claims under the Plan; and

(d) approving the additional terms set forth in the Consent Order, including provisions concerning retention of the lien, insurance, payment and notice addresses, default and cure, and reservation of rights.

## IV. BASIS FOR RELIEF

### <u>A. The Parties' Stipulated Bifurcation</u>

14. Section 506(a)(1) of the Bankruptcy Code bifurcates an undersecured claim into a secured component equal to the value of the creditor's interest in the collateral and an unsecured component equal to the balance. 11 U.S.C. § 506(a)(1). Here, no contested valuation determination is required. The Debtor accepts Huntington's representation that the value of the Vehicle is

$35,000.00. Because that agreed value is less than the outstanding balance of Huntington's claim ($42,451.66 as of August 24, 2026), Huntington's claim is, by operation of section 506(a) and the parties' stipulation, allowed in the secured amount of $35,000.00 and as an unsecured deficiency in the amount of $7,451.66.

## B. Section 1129(b)(2)(A) Authorizes the Proposed Cramdown Treatment

15. Section 1129(b)(2)(A)(i) of the Bankruptcy Code authorizes confirmation of a chapter 11 plan over the objection of an impaired class of secured claims if the plan provides that (I) the secured creditor retains its lien securing such claim; and (II) the secured creditor receives on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such creditor's interest in the estate's interest in the collateral. 11 U.S.C. § 1129(b)(2)(A)(i). Although Huntington has consented to the proposed treatment and is not objecting, the Debtor demonstrates below that the proposed treatment independently satisfies the requirements of section 1129(b)(2)(A)(i).

16. To satisfy the "value, as of the effective date" requirement, the deferred cash payments must include interest at a market-equivalent rate. The Supreme Court in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), adopted a "formula" or "prime-plus" approach for determining the appropriate cramdown rate: the national prime rate, adjusted upward by a risk premium reflecting the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan. *Id.* at 478–79. Although *Till* arose in a chapter 13 context, courts in the Fourth Circuit and elsewhere routinely apply the *Till* formula in chapter 11 cases. *See, e.g.*, *In re Tex. Grand Prairie Hotel Realty, L.L.C.*, 710 F.3d 324, 331–37 (5th Cir. 2013).

## C. The Proposed Treatment Satisfies Section 1129(b)(2)(A) and Till

17. Lien Retention. The Consent Order expressly provides that Huntington shall retain its valid, perfected lien on the Vehicle until the Vehicle Allowed Secured Amount is paid in full, satisfying the requirement of section 1129(b)(2)(A)(i)(I).

18. Cramdown Rate. The proposed Confirmation Rate of 8.75% per annum is consistent with the *Till* formula. As of the date of this Motion, the national prime rate is 6.75%. The proposed Confirmation Rate reflects a risk premium of 200 basis points above prime, which is squarely within the 1% to 3% range that the *Till* plurality identified as typically appropriate. *See Till*, 541 U.S. at 480 ("courts have generally approved adjustments of 1% to 3%"). The risk premium is justified by, among other things, (i) the duration of the proposed amortization (60 months), (ii) the depreciating nature of the collateral, and (iii) the inherent risk associated with a reorganization. The Debtor submits, and Huntington does not dispute, that the proposed Confirmation Rate provides Huntington with deferred cash payments having a present value equal to the Vehicle Allowed Secured Amount as required by section 1129(b)(2)(A)(i)(II).

19. Deferred Cash Payments. The Consent Order provides for fixed monthly principal-and-interest installments of approximately $722.30, fully amortizing the Vehicle Allowed Secured Amount of $35,000.00 over sixty (60) months at the Confirmation Rate. The aggregate of those payments (approximately $43,338) exceeds the allowed secured amount of $35,000.00, satisfying the "totaling at least the allowed amount" requirement of section 1129(b)(2)(A)(i)(II).

## D. Huntington's Consent and Rule 9019 Considerations

20. Huntington, through Mr. Punzel, has expressly agreed to the cramdown treatment and to the form of Consent Order attached hereto. To the extent the Consent Order constitutes a compromise of any disputes between the Debtor and Huntington concerning the allowance, amount, or treatment of Huntington's claim, including the assertions made in the Proof of Claim,

it satisfies the standards for approval under Bankruptcy Rule 9019. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968); *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). The compromise is fair and equitable, in the best interests of the estate, and the product of arm's-length negotiation between counsel for the Debtor and an authorized representative of Huntington. Huntington's consent obviates the need for an evidentiary hearing on the cramdown rate or any other term of the proposed treatment.

## V. NOTICE

21. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Maryland; (ii) counsel to, or an authorized representative of, Huntington; (iii) all parties known to assert a lien against the Vehicle; (iv) the twenty largest unsecured creditors of the Debtor; and (v) all parties that have requested notice in this Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested and Huntington's consent, the Debtor submits that no further or other notice is necessary or required.

## VI. NO PRIOR REQUEST

22. No prior request for the relief sought herein has been made to this or any other court.

## VII. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court (i) grant this Motion, (ii) enter the Consent Order substantially in the form attached hereto as **Exhibit A**, and (iii) grant the Debtor such other and further relief as is just and proper.

Dated: August 26, 2026

Respectfully Submitted,

ENI DIST, Inc., Debtor, By Counsel
/s/ Weon Geun Kim
Weon Geun Kim, Esq. (19029)
Weon G. Kim Law Office
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Tel: (571) 278-3728
Fax: (703) 288-4003
jkkchadol99@gmail.com
Federal Bar No. 19029
Counsel for Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August, 2026, I caused a copy of the foregoing Motion, together with the proposed Consent Order attached thereto as Exhibit A and the Notice of Motion, to be served on the United States Trustee and all parties receiving electronic notice via CM/ECF, and on the following parties via first-class mail, postage prepaid, including:

David S. Musgrave, counsel for ARBA Credit Investors III, L.P., dmusgrave@gfrlaw.com
U.S. Trustee – Baltimore, USTPRegion04.BA.ECF@USDOJ.GOV
Hugh M. Bernstein, Office of the U.S. Trustee, hugh.m.bernstein@usdoj.gov
Benjamin P. Smith, Shulman Rogers, bsmith@shulmanrogers.com
Rebekah F. Paradis, Shulman Rogers, rparadis@shulmanrogers.com
Bryan Punzel, The Huntington National Bank, bryan.h.punzel@huntington.com

Ally Bank
c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave., Dept. APS
Oklahoma City, OK 73118-7901

ARBA Credit Investors III, L.P.
c/o David Musgrave, Esq.
1001 Fleet St., Suite 700
Baltimore, MD 21202

American Express National Bank
c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355-0701

American Express National Bank
c/o Zwicker & Associates, P.C.
80 Minuteman Road, P.O. Box 9043
Andover, MA 01810-0943

Austin Business Finance, LLC d/b/a Backd
c/o Chris Mundt, Esq.
P.O. Box 19134
Austin, TX 78760-9134

Bank of America
P.O. Box 15796
Wilmington, DE 19886-5796

Bank of Hope
3200 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90010-1325

Howard County, Maryland
Department of Finance
Bureau of Revenue Collection
3430 Court House Drive
Ellicott City, MD 21043

CRIMPCO
2545 Lord Baltimore Dr., Suite H
Windsor Mill, MD 21244-2672

Capital One Bank
c/o AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Comptroller of Maryland
Bankruptcy Unit
7 St. Paul Street, Suite 230
Baltimore, MD 21202-1626

DW Global, Inc.
18000 Studebaker Rd, Suite 555
Cerritos, CA 90703-7932

EMART America, Inc.
975 W. Imperial Highway, Suite 110
Brea, CA 92821-3839

ENI Dist., Inc.
8805 Kelso Dr.
Essex, MD 21221-3112

Euler Hermes agent for UNITED EXCHANGE CORP.
ATTN: Guy P Young Jr
100 International Dr 22nd fl
Baltimore, MD 21202-4783

Fireline Corporation
4506 Hollins Ferry Rd.
Halethorpe, MD 21227-4671

First-Citizens Bank & Trust Company
10201 Centurion Parkway N, Suite 100
Jacksonville, FL 32256-4114

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento, CA 95812-2952

GYEONG NAM TRADING INC.
c/o KSURE Washington DC CORP
1331 Pennsylvania Ave, NW, Suite 625
Washington, DC 20004-7100

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Jin Heung Food Co., Ltd.
767-11 Namyangman-ro, Ujeong-eup
Hwaseong-si, Gyeonggi-do 18572
Republic of Korea

JPMorgan Chase Bank, N.A.
c/o Robertson, Anschutz, Schneid, Crane
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

INTERNATIONAL DISTRIBUTORS
6190 S BOYLE AVE
VERNON CA 90058-3922

Korea Trade Insurance Corporation
c/o M. Zachary Bluestone,
Bluestone, P.C.
4800 Hampden Lane, Suite 22
Bethesda, MD 20814-2930

KARIS INC
7125 Roselead Blvd
Pico Rivera, CA 90660

Lee Kum Kee (USA) Inc.
30-56 Whitestone Expy, Ste 350
Flushing, NY 11354-1996

LG H&H USA
PO Box 894495
City of Industry Rowland Heigh
Los Angeles, CA 90189-4495

Level Green Landscape, LLC
6408 Dower House Road
Upper Marlboro, MD 20772-3706

Level Green Landscape, LLC
c/o CounselBaradel
126 West Street, 4th Floor
Annapolis, MD 21401-2880

M. Zachary Bluestone
Bluestone, P.C.
4800 Hampden Lane, Suite 200
Bethesda, MD 20814-2934

Oracle America, Inc.
c/o Shawn M. Christianson, Esq.
Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105-2491

Otoki America Inc.
c/o Coface North America Insurance Co
600 College Road East, Suite 1110
Princeton, NJ 08540-6880

Prime Landscape, LLC
3780 Old Norcross Road
Suite 103-275
Duluth, GA 30096-1740

The Huntington National Bank
Attn: Bryan Punzel
11100 Wayzata Blvd., Suite 700
Minnetonka, MN 55305-5523

United Exchange Corp.
5836 Corporate Avenue S, Suite 200
Cypress, CA 90630-4748

U.S. Small Business Administration
100 S. Charles Street, Suite 1201
Baltimore, MD 21201-2714

Fulton Bank
1 Penn Square
Lancaster, PA 17602

/s/ Weon Geun Kim
Weon Geun Kim, Esq.